■ Sofi Kemelman, Appellant, v Delta Air Lines, Inc., Respondent. [740 NYS2d 434] —In an action, inter alia, to recover damages for personal injuries and wrongful death, the plaintiff appeals from an order of the Supreme Court, Nassau County (Bucaria, J.), dated October 24, 2000, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiff's decedent expired after suffering a heart attack while aboard one of the defendant's international flights. Since the incident occurred during an international flight, the action is governed by the international treaty commonly known as the Warsaw Convention, which provides that an airline can be held liable for damages sustained by a passenger if the damage was caused by an "accident" which took place aboard the aircraft (Warsaw Convention art 17, 49 US Stat 3000, reprinted following 49 USCA § 40105). Contrary to the defendant's

contention, the plaintiff, in response to the defendant's prima facie showing of entitlement to summary judgment, raised a triable issue of fact as to whether the decedent's demise was caused by an accident.

"[A]n injury resulting from routine procedures in the operation of an aircraft or airplane can be an 'accident' if those procedures or operations are carried out in an unreasonable manner" (*Fishman v Delta Air Lines,* 132 F3d 138, 143). The definition of the term "accident" as it is used in the Warsaw Convention is to "be flexibly applied after assessment of all the circumstances surrounding a passenger's injuries" (*Air France v Saks,* 470 US 392, 405). Based on deposition testimony and affidavits submitted by the plaintiff in opposition to the motion for summary judgment, it cannot be said, as a matter of law, that the routine procedures which the defendant's employees followed in response to the decedent's medical situation were carried out in a reasonable manner (*see Fulop v Malev Hungarian Airlines,* 175 F Supp 2d 651, 663-673; *Fishman v Delta Air Lines, supra; see McCaskey v Continental Airlines,* 159 F Supp 2d 562, 569-575; *Husain v Olympic Airways,* 116 F Supp 2d 1121, 1130-1135; *Waxman v C.I.S. Mexicana De Aviacion, S.A. De C.V.,* 13 F Supp 2d 508).

Furthermore, the Warsaw Convention provides that an airline can be held liable to passengers for injuries suffered during air travel only up to $75,000 per person unless the harm results from the airline's "wilful misconduct" (Warsaw Convention art 25, 47 US Stat 3000, 3020). In the instant case, it cannot be said, as a matter of law, that the decedent's injuries did not result from the defendant's employees' alleged "wilful misconduct." Accordingly, the defendant's motion for summary judgment should have been denied. Florio, J.P., Goldstein and H. Miller, JJ., concur.

McGinity, J., concurs in part and dissents in part and votes to modify the order appealed from by deleting the provision thereof granting those branches of the defendant's motion which were for summary judgment dismissing the first and second causes of action, and substituting therefor a provision denying those branches of the motion, with the following memorandum: On January 27, 1994, Roman Zonenashuili (hereinafter the decedent) was a first-class passenger on an airplane operated by the defendant Delta Air Lines, Inc. (hereinafter Delta). The decedent had a history of coronary artery disease. The flight departed from John F. Kennedy International Airport, bound for Moscow.

Approximately four hours into the flight, the decedent

became ill, complaining of chest pains and expressing concern about a possible impending heart attack. Prior to that, the decedent had consumed two or three cognacs and had been smoking. The senior flight attendant made an announcement over the public address system inquiring whether there was a doctor on board. No one came forward. The flight attendant tried to administer oxygen to the decedent, but the decedent pushed it away. According to another flight attendant, the oxygen canister was empty.

The senior flight attendant went to the cockpit and informed the captain that the decedent was ill. The captain instructed the flight attendant to tell the decedent that he would land the aircraft short of Moscow if the decedent so desired. The flight attendant returned to the decedent and asked him if he would like to land. According to the flight attendant, he responded negatively. Two passengers disputed this account and claimed that the decedent asked that the captain make an emergency landing.

The flight attendant then went back to the cockpit and informed the captain that the decedent wished to proceed to Moscow. Pursuant to the captain's instructions, a flight attendant sat with the decedent to monitor his condition and to furnish updates to the captain concerning the decedent's condition. Shortly thereafter, the decedent lost consciousness. The captain immediately diverted the plane to Copenhagen, Denmark, the location of the closest airport at the time, and radioed ahead for medical assistance. At that point, another flight attendant made an announcement seeking medical assistance. This time, two doctors responded. One of the doctors attempted to administer oxygen but according to the doctor, nothing came out of the canister. When the plane landed in Copenhagen, paramedics attempted to resuscitate the decedent. The decedent was taken by ambulance to a hospital, where he died soon thereafter.

I agree with the majority that, given the expansive definition of the term "accident" as it appears in the Warsaw Convention (*see* Warsaw Convention art 17, 49 US Stat 3000; *cf. Air France v Saks,* 470 US 392, 405), the plaintiff raised a triable issue of fact as to whether the decedent's demise was caused by an accident. There are issues of fact as to whether the procedures followed by Delta in response to the decedent's condition were carried out in a reasonable manner (*cf. Fishman v Delta Air Lines,* 132 F3d 138, 143).

The majority would also hold that issues of fact exist as to whether the decedent was injured as a result of Delta's employees' alleged willful misconduct. I disagree.

The standard of willful misconduct was articulated in *Piamba Cortes v American Airlines* (177 F3d 1272, 1290, *cert denied* 528 US 1136), to require "a passenger to prove that the carrier, or its servants or agents, acted: (1) with intent to cause damage, or (2) recklessly and with knowledge that damage would probably result" (internal quotation marks omitted). In my view, there is no evidence that Delta's employees acted intentionally, or recklessly and with knowledge that their conduct likely would result in damage. Thus, the Supreme Court properly dismissed the plaintiff's third cause of action.

Accordingly, I would modify the order appealed from by deleting the provision thereof granting those branches of the defendant's motion which were for summary judgment dismissing the first and second causes of action, and substituting therefor a provision denying those branches of the motion. As so modified, I would affirm.